**Jose BELTRAN, Petitioner–Appellant,**

v.

**Ernie ROE, Warden, Respondent–Appellee.**

**No. 03–55819.**

**D.C. No. CV–02–04375–R.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 4, 2004.

Decided Nov. 2, 2004.

Jose Beltran, Landcaster, CA, pro se.

Alissa Sawano Peterson, Irvine, CA, Margaret E. Maxwell, Los Angeles, CA, for Respondent–Appellee.

Before HUG, T.G. NELSON, and WARDLAW, Circuit Judges.

## MEMORANDUM *

Petitioner, Jose Beltran, appeals the denial of his petition for habeas corpus. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we review a denial of a petition for habeas corpus de novo.[1] We affirm.

Because the parties are familiar with the facts, we do not recount them here. The California Court of Appeal properly held that any failure by the trial court to give the requested instructions regarding consent was harmless.[2] The trial court in-

1. *Gill v. Ayers,* 342 F.3d 911, 917 (9th Cir. 2003).

2. *Neder v. United States,* 527 U.S. 1, 8–10, 19, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999) (stating that harmless error analysis is appropriate for challenges to jury instructions and describing what that analysis requires of the

structed the jury regarding the definition of consent, even though it did not give the particular instructions on consent that the defense requested. The jury's express finding that the victims were confined against their will necessarily implied that the victims had not consented. Thus, any error in the trial court's instructions on consent was harmless.[3]

Any error in the California Court of Appeal's finding that any error by the trial court was harmless was not contrary to or an objectively unreasonable application of federal law under AEDPA.[4]

AFFIRMED.

reviewing court). The court looks at the decision of the California Court of Appeal because it is the last explained state court determination. *Ylst v. Nunnemaker,* 501 U.S. 797, 805–06, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991).

3. *Cf. Brecht v. Abrahamson,* 507 U.S. 619, 629–30, 113 S.Ct. 1710, 123 L.Ed.2d 353

(1993) (stating that a constitutional error that infects the entire trial process requires automatic reversal).

4. 28 U.S.C. § 2254(d); *Woodford v. Visciotti,* 537 U.S. 19, 25, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002).